IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald R. Surdak, Jr., ) | C/A No.0:09-3287-HFF-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Director Jon Ozmint, SC Dep't of Corr.; ) | |
| Richard Bazzle, Warden; Lt. Susan Duffy, ) | |
| Dorm LT; Sgt. Cotter, Dorm Sgt.; Ofc. John ) | |
| Doe, Dorm Ofcs.; Jane Doe, Dorm Ofcs.; Ofc. ) | |
| NFN Barnes, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss for lack of jurisdiction. (ECF No. 26.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the plaintiff, Donald R. Surdak, Jr. ("Surdak"), who is proceeding *pro se*, of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 27.) Surdak filed a responses in opposition, (ECF Nos. 33 & 36), and the defendants filed a reply (ECF No. 35). Having reviewed the parties' submissions and the Complaint in this case, the court finds that the defendants' motion to dismiss should be denied.

**DISCUSSION**

**A.    Motion to Dismiss**

The defendants' motion to dismiss appears to be based on Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, essentially asserting that Surdak's allegations do not raise a federal question that would confer jurisdiction pursuant to 28 U.S.C. § 1331. A motion to

dismiss under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

**B.** *Pro Se* **Pleadings**

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably

read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**C.    Discussion**

Upon review of Surdak's Complaint and his response in opposition to dismissal, the court finds that, liberally construed, Surdak's Complaint appears to state a plausible federal claim for relief. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Twombly, 550 U.S. at 570. Surdak's Complaint alleges that an altercation erupted between Surdak and another inmate, during which Surdak was stabbed multiple times. Surdak asserts that the defendants watched this attack from a control booth and failed to timely intervene in the matter. These factual allegations appear to state a claim for deliberate indifference in violation of the Eighth Amendment to the United States Constitution against the defendants. Accordingly, the court finds that there is a federal question in this matter over which this court has jurisdiction.

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the defendants' motion to dismiss (ECF No. 26) be denied. In light of this recommendation, Surdak's motion to amend his Complaint should be terminated as moot. (ECF No. 36.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 16, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).