IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Donald R. Surdak, Jr., | ) | C/A No.0:09-3287-TMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Director Jon Ozmint, *SC Dep't of Corr.*; | ) | **ORDER** |
| Richard Bazzle, *Warden*; Lt. Susan Duffy, | ) | |
| *Dorm LT*; Sgt. Cotter, *Dorm Sgt.*; Ofc. John | ) | |
| Doe, *Dorm Ofcs.*; Jane Doe, *Dorm Ofcs.*; Ofc. | ) | |
| NFN Barnes, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Donald R. Surdak, Jr. ("Surdak"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on Surdak's motion for an extension of time. (ECF No. 115.)

**A.      Background**

The allegations in Surdak's instant Complaint arise from an incident that occurred on December 31, 2007 during which Surdak was allegedly stabbed multiple times by another inmate. In response to summary judgment, Surdak alleged he had been kept apart from inmate witnesses to this incident and was thus unable to obtain declarations from these witnesses in support of his motion for summary judgment. (ECF No. 88.) Surdak subsequently filed a motion in which he requested a continuance and an order from the court allowing him to obtain witness declarations. (ECF No. 100.) The defendants opposed Surdak's motion, arguing that allowing Surdak to have confidential mail communications with other inmates was a violation of South Carolina Department of Corrections ("SCDC") policy. (ECF No. 103.) The defendants did, however, supplement their

response with proposed terms that would allow Surdak to obtain information relevant to his claim from fellow inmates subject to certain conditions and while still ensuring safety and security within SCDC. (ECF No. 104.) The court granted Surdak's motion in part on August 22, 2011, giving Surdak forty-five days to obtain statements from other inmates in accordance with the guidelines proposed by the defendants in their supplemental response. (ECF No. 112.) The court further ordered that Surdak had until November 9, 2011 to supplement his response in opposition to the defendant's motion for summary judgment, if he so chose. (Id.)

**B.     Surdak's Motion**

Surdak's current motion alleges that mailroom staff at McCormick Correctional Institution have repeatedly thwarted his attempts to correspond with the witness inmates, ultimately informing him that authorization from SCDC was required in order to allow Surdak to communicate with other inmates. Surdak requests that he be given more time in order to obtain witness declarations. (ECF No. 115.)

In response, counsel for the defendants attempts to facilitate the possible miscommunication by corresponding directly with the wardens of the various facilities that currently house the witness inmates. (ECF No. 120, 120-1.) Counsel's letter attaches the court's August 22, 2011 order as well as the guidelines proposed by the defendants and adopted by the court. The defendants consent to a thirty-day extension for Surdak to obtain witness declarations. Accordingly, it is hereby

**ORDERED** that Surdak's motion for an extension of time is granted with the consent of the defendants. The defendants are ordered to comply with Surdak's attempts to obtain witness declarations in accordance with the guidelines proposed in the defendants' supplemental response (see ECF No. 104) and shall do so on or before **December 9, 2011**. Failure to comply may result



in sanctions including, but not limited to, those specified in Federal Rule of Civil Procedure 37(b)(i)-(vii).  It is further

**ORDERED** that Surdak shall supplement his response in opposition to summary judgment, if he so elects, on or before **December 31, 2011**.

**No further extensions shall be granted in this matter absent extraordinary circumstances.**

IT IS SO ORDERED.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 10, 2011
Columbia, South Carolina